UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.:0:22cv62090

CHRISTOPHER ALLEN ROLDAN,
An Individual,

    Plaintiff,

v.

CORAL SPRINGS HONDA
d/b/a PAGE BROTHERS ASSOCIATES, INC.
A Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER ALLEN ROLDAN, brings this action against PAGE BROTHERS ASSOCIATES, INC., a Florida corporation, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Broward County, Florida.

4. Defendant is a Florida limited liability company with principal offices in Broward County, FL.

## FACTUAL ALLEGATIONS

5. In June of 2019, Defendant leased a new 2019 Honda Accord ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A partially redactec copy of the Lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle before the end of the lease term.

8. More particularly, the Lease provided: "I have the option to purchase the Vehicle at any time (Unless a governmental agency has seized the Vehicle and instructed Lessor not to release the Vehicle to me). This purchase option may only be exercised by the Lessee. If I purchase the Vehicle prior to the end of the Lease Term, the purchase price will be the Adjusted Lease Balance (defined below), plus (a) any payments or other charges due and unpaid under this Lease and (b) any taxes and fees required by law in connection with the purchase." *Id*. ¶ 28 *"PURCHASE*

*OPTION PRIOR TO THE END OF LEASE TERM"*(hereinafter the "Purchase Option").

9. At or about November, 2021, Plaintiff contacted HONDA LEASE TRUST, ("HLT") which was assigned the Lease, and asked about the process to buy the Vehicle.

10. HLT directed Plaintiff to buy the Vehicle through Defendant.

11. In November of 2021, Plaintiff visited Defendant to exercise the purchase option.

12. To buy the Vehicle, Defendant charged Plaintiff a $992.00 "Predelivery Service Charge," as well as a $449.00 "Electronic Registration Filing Fee."

13. These fees were never disclosed in the Lease.

14. In total, Plaintiff was charged $1,441.00 in undisclosed fees to exercise the Purchase Option.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

15. The CLA governs the disclosures in the Lease because the lease term ran for 36 months and was for less than $58,300. 15 U.S.C. § 1667(1).

16. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

17. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

18. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

19. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

20. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

21. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

22. The disclosure of the purchase option in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

23. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of the $992.00 "Predelivery Service Charge" and $449.00 "Electronic Registration Filing Fee" was required to exercise the Purchase Option.

24. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the Purchase Option that payment of $1,441.00   more was required to exercise the Purchase Option.

25. Defendant violated 12 CFR § 1013.3(a) because the Purchase Option was unclear, inaccurate, and incomplete.

26. The above described omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

27. Plaintiff suffered financial loss in that Plaintiff paid $1,441.00 more than what the Lease required to buy the Vehicle.

28. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

29. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

30. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F.  Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua E. Feygin
SUE YOUR DEALER – A LAW FIRM
FL Bar No.: 124685
Email:  Josh@JFeyginesq.com
JOSHUA FEYGIN, PLLC
1930 Harrison St. Ste. 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946