UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:22-CV-62090-KMW

CHRISTOPHER ALLEN ROLDAN,

    Plaintiff,

v.

CORAL SPRINGS HONDA
d/b/a PAGE BROTHERS ASSOCIATES, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, COMPEL ARBITRATION, STAY DISCOVERY & INCORPORATED MEMORANDUM OF LAW

Defendant, CORAL SPRINGS HONDA d/b/a PAGE BROTHERS ASSOCIATES, INC. ("Defendant"), by and through undersigned counsel, hereby files its Motion to Dismiss Plaintiff's Complaint, Compel Arbitration, Stay Discovery and Incorporated Memorandum of Law, and in support thereof, states the following:

## I. PRELIMINARY STATEMENT

Plaintiff has filed the instant lawsuit for an alleged violation of the Federal Consumer Leading Act pursuant to 15 U.S.C. § 1667a. Within the Complaint, Plaintiff alleges Defendant did not properly disclose certain fees associated with the

"purchase option" set forth in Plaintiff's Vehicle Lease Agreement, which he entered into with Defendant on or about June 5, 2019. Defendant moves to dismiss this action because the governing Vehicle Lease Agreement expressly requires that Plaintiff's claims be resolved solely through Arbitration. Accordingly, Defendant also moves this Court to compel arbitration and stay discovery pending the outcome of arbitration.

## II. PERTINENT FACTS

1. On or about June 5, 2019, Plaintiff entered into a Closed-End Vehicle Lease Agreement ("Lease Agreement") with Defendant, wherein Plaintiff leased a 2019 Honda Accord.

2. Section 52 of the Lease Agreement (attached to Plaintiff's Complaint) provides the following:



3. As shown within the Lease Agreement, Plaintiff agreed that "any claim" he may have with respect to the Lease "must be resolved through binding arbitration."

4. Additionally, Plaintiff agreed to "waive the right" to have his dispute "heard in court."

## III. MEMORANDUM OF LAW AND LEGAL ARGUMENT

When deciding whether to grant a motion the court must accept "the complaint's allegations as true and constru[e] them in the light most favorable to the plaintiff." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 915 (11th Cir. 2015) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)). "A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir.2006)). This includes attachments or exhibits provided with the complaint. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss."); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (noting that attached exhibits to a complaint can be considered on a motion to dismiss). "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Gill*, 941 F.3d at 514.

When a party moves to compel arbitration, the Federal Arbitration Act states that "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added). The determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296, 130 S. Ct. 2847, 177 L. Ed. 2d 567 (2010). A motion to compel arbitration is generally treated as a motion to dismiss for subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Owings v. T-Mobile USA, Inc.*, 978 F. Supp. 2d 1215, 1222 (M.D. Fla. 2013). Motions to dismiss based on subject matter jurisdiction come in two forms, facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack looks to the four corners of the complaint to consider whether subject matter jurisdiction is sufficiently alleged. *Id.* at 1529. The allegations of the Complaint are accepted as true for purposes of the motion to dismiss. *Id.* A factual attack relies on matters outside the pleadings, such as testimony or affidavits. *Id.*

In the case at hand, it is facially clear from the written and fully executed Lease Agreement that Plaintiff agreed to submit to arbitration. Notably, Plaintiff attached to his Complaint the very Lease Agreement wherein Plaintiff agreed to

resolve any and all claims relevant to the Lease by way of arbitration. To date, there is nothing within the four corners of the Complaint and the exhibit thereto (i.e., the Lease Agreement) which contradicts or refutes the fact that Plaintiff agreed to resolve all claims under the lease via Arbitration. Moreover, the issue at hand – *whether Defendant failed to properly disclose all purchase option fees in accordance with 15 U.S.C 1667a* – is clearly an arbitrable issue.

In conclusion, Plaintiff's Complaint should be dismissed, arbitration should be compelled, and any and all discovery should be stayed pending this Court's decision as it relates to arbitration.

WHEREFORE, Defendant, CORAL SPRINGS HONDA d/b/a PAGE BROTHERS ASSOCIATES, INC., respectfully requests that this Court enter an order granting Defendant's Motion to Dismiss Plaintiff's Complaint, Compel Arbitration, and Stay Discovery, and any other further relief this Court deems just and proper under the circumstances.

*Roland v. Coral Springs Honda d/b/a Page Brothers Associates, Inc.*
CASE NO. 022:CV-62090-KMW
Page 6

## Local Rule 7.1(A)(3) Certificate of Good Faith Conference

Prior to filing the instant Motion, on January 20, 2023 and January 23, 2023, the Defendant, through the undersigned counsel, conferred with Plaintiff's counsel regarding the instant Motion and relief sought herein.

**Dated: January 23, 2023**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF and/or electronic mail on **January 23, 2023** to all counsel of record on the below Service List.

BOYD RICHARDS PARKER & COLONNELLI, PL
Counsel for CORAL SPRINGS HONDA
100 SE 2nd Street, Suite 2600
Miami, Florida 33131
Tel: 786-425-1045
Fax : 786-425-3905
Servicemia@boydlawgroup.com


By  *Alexa Bontkowski*
    **MICHELLE BARTON-KING, ESQ.**
    Florida Bar No.:  163521
    mking@boydlawgroup.com
    **ALEXA BONTKOWSKI, ESQ.**
    Florida Bar No.: 124612
    abontkowski@boydlawgroup.com

*Roland v. Coral Springs Honda d/b/a Page Brothers Associates, Inc.*
CASE NO. 022:CV-62090-KMW
Page 7

## **SERVICE LIST**

**Attorneys for Plaintiff:**
Joshua E. Feygin, Esq.
SUE YOUR DEALER, A LAW FIRM
Email: Josh@Feyginesq.com

Darren R. Newhart, Esq.
NEWHART LEGAL, P.A.
Email: Darren@newhartlegal.com