UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 0:22cv62090

CHRISTOPHER ALLEN ROLDAN,
Individuals,

Plaintiffs,
v.

CORAL SPRINGS HONDA
d/b/a PAGE BROTHERS ASSOCIATES, INC.
A Florida Corporation,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT, COMPEL ARBITRATION AND STAY DISCOVERY**

Plaintiff, CHRISTOPHER ALLEN ROLDAN, an individual (hereinafter "Mr. Roldan" or "Plaintiff"), by and through his undersigned attorneys, pursuant to Rule 7.1, Local Rules of the United States District Court, Southern District of Florida, files this his memorandum of law in opposition to the "Motion to Dismiss Complaint, Compel Arbitration and Stay Discovery" filed herein by Defendant, CORAL SPRINGS HONDA d/b/a PAGE BROTHERS ASSOCIATES, INC., a Florida corporation (hereinafter "Coral Springs Honda" or "Defendant") [DE 11] and states as follows in support:

**SYNOPSIS OF PROCEEDINGS**

This matter involves claims by Mr. Roldan asserted against Coral Springs Honda concerning its failure to comply with the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M") during Mr. Roldan's consumer motor vehicle lease transaction with Defendant.

As set forth in the well plead allegations of the operative complaint before the Court, Coral Springs Honda failed to disclose certain fees it charged Mr. Roldan to exercise the lease buyout provision within the subject lease agreement, in contravention of 15 U.S.C. § 1667 and 12 CFR § 1013.4(i). Mr. Roldan has also asserted that Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete. Accordingly, Mr. Roldan seeks the recovery of actual damages, statutory damages an incidental relief as well as attorney's fees and costs under the provisions of 15 U.S.C. § 1640.

In response to the Complaint, Coral Springs Honda has filed with the Court Defendant's "Motion to Dismiss Complaint, Compel Arbitration and Stay Discovery" ("Motion") [D.E. 11]. Upon careful review of the Motion, Plaintiff concedes that arbitration can be compelled by Defendant in light of the binding arbitration between the parties found within the subject lease agreement. However, Mr. Roldan opposes the Defendant's request that the instant case be dismissed as opposed to being stayed, as further set forth below.

## LEGAL ARGUMENT

As more particularly set forth in the Motion, Coral Springs Honda seeks to dismiss the claims of Mr. Roldan. (Motion, p. 5). It is Mr. Roldan's position that a dismissal would run contrary to the requirements of the Federal Arbitration Act ("FAA") and is strategically calculated to curtail Mr. Roldan's ability to obtain relief in these proceeding. As detailed in the Declaration of Attorney Joshua Feygin filed contemporaneously herewith ("Feygin Declaration"), Plaintiff's counsel has previously represented consumer plaintiffs before the American Arbitration Association ("AAA"). Based on the experience of the undersigned, a number of arbitration proceedings filed against businesses have been dismissed by the AAA for reasons connected with refusal of the business to comply with the requirements of the AAA, namely payment of filing fees and arbitrator compensation.

In light of the potential of the AAA to refuse to arbitrate the claims advanced herein, Mr. Roldan respectfully requests that the Court stay the instant action pending arbitration as opposed to an outright dismissal in order to afford the opportunity for the Plaintiff to return to this Court to seek *inter alia* an enforcement order.

To that end, the FAA provides, in pertinent part, that a court compelling arbitration **"shall,** on application of one or more of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the

agreement." 9 U.S.C. §3 (emphasis added). Absent from the FAA is any statutory reference to dismissal. *Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 699 (11th Cir. 1992); see, *also, Albert v. Nat'l Cash Register Co.,* 874 F.Supp. 1328 (S.D. Fla. 1994) [staying arbitration claims]; *Craig v. Total Quality Logistics, LLC,* 2017 WL 1533840 (N.D. Fla. January 30, 2017); *Tracfone Wireless, Inc. v. Blue Ocean's Distributing, LLC,* 616 F. Supp. 2nd 1284 (S.D. Fla. 2009).

In the *Tracfone Wireless,* U.S. District Court Judge Ungaro of the Southern District of Florida flatly rejected the argument that is now advanced by Defendants that the granting of a motion to compel arbitration should result in a dismissal:

> The Court begins by noting that, notwithstanding the parties agreement to arbitrate, it has subject matter jurisdiction over this matter. While valid arbitration clauses are to be enforced under the Federal Arbitration Act, 9 U.S.C. § 3, they do not oust district courts of their jurisdiction. *See, The Anaconda* v. *Am. Sugar Refining Co.,* 322 U.S. 42, 44, 64 S.Ct. 863, 88 L.Ed. 1117 (1944); *Frank v. Am. Gen. Fin., Inc.,* 23 F.Supp.2d 1346, 1350 (S.D.Ala.1998). The Federal Arbitration Act states:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court in which such suit is pending,* upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in

proceeding with such arbitration. 9 U.S.C. § 3

(emphasis supplied). *Id.* at 1285

Judge Ungaro further reasoned:

Notwithstanding the express language of the Federal Arbitration Act and Plaintiffs request for a stay, Defendants argue that this case should be dismissed because all of issues in the complaint are subject to the arbitration agreement. Defendants, however, fail to cite any binding authority demonstrating that it is appropriate under the Federal Arbitration Act for a court to dismiss a case in favor of arbitration where a party requests a stay.

*Id.* (internal footnote omitted)

*See, also, Swartz v. Westminster Services, Inc.,* 2010 WL 3522141, * 1 (M.D. Fla Sept. 8, 2010) ("the Court does not agree that the failure to submit this dispute to mediation warrants dismissal of Plaintiffs complaint. The law is clear that when confronted with an objection that a plaintiff has initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed- upon dispute resolution mechanism"); *cf, Cusolito* v. *Citibank,* 2017 WL 8890662 *(S.D. Fla. Oct. 6, 2017).*

As detailed in the Feygin Declaration, there is a substantial likelihood that the AAA will refuse to adjudicate the claims of the Defendant (Murphy Declaration – p. 6-7). While the Plaintiff hopes that Coral Springs Honda will participate in good faith in any arbitration proceeding, in the event Defendant fails to pay the mandated arbitration fees or otherwise comply with the rules of the AAA, Mr. Roldan will

have no recourse if this Court does not retain jurisdiction through the entry of an order to stay. Justice and the plain language of the FAA so require that the Court retain jurisdiction over this action pending the conclusion of the arbitration proceedings.

## CONCLUSION

Plaintiffs respectfully move this Court to stay the instant action (as opposed to dismissing it) pending completion of arbitration, with a reservation to enforce any arbitration award.

Dated: January 31, 2023

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2023, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685