UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.: 0:22cv62090

CHRISTOPHER ALLEN ROLDAN,
Individuals,

Plaintiffs,
v.

CORAL SPRINGS HONDA
d/b/a PAGE BROTHERS ASSOCIATES, INC.
A Florida Corporation,

    Defendant.
_____/

**DECLARATION OF ATTORNEY JOSHUA FEYGIN**

**BEFORE ME**, personally appeared Attorney JOSHUA E. FEYGIN, who being first dully sworn deposes and states as follows:

1. The undersigned represents Plaintiff, CHRISTOPHER ALLEN ROLDAN (hereinafter "Mr. Roldan" or "Plaintiff"), in "*CHRISTOPHER ALLEN ROLDAN, an individual v. CORAL SPRINGS HONDA d/b/a PAGE BROTHERS ASSOCIATES, INC., a Florida Corporation,*" bearing case number 0:22cv62090, currently pending in the Federal District Court for the Southern District of Florida ("Roldan Lawsuit").

2. Undersigned counsel is over the age of eighteen and make this declaration based upon personal knowledge and experience.

3. The Roldan Lawsuit involves individual consumer protection claims advanced by Mr. Roldan against Defendant, CORAL SPRINGS HONDA d/b/a PAGE BROTHERS ASSOCIATES, INC., a Florida Corporation arising from a consumer motor vehicle lease transaction.

4. From 2016 through the present, the undersigned has practiced with a focus on representing consumers in consumer protection claims in state and federal court.

5. Much of said practice has been dedicated to advancing claims relative to consumer loan or lease transactions for motor vehicles.

6. Part and parcel to such representation, the undersigned has filed several dozen arbitration demands with the American Arbitration Association (hereinafter the "AAA") against a multitude of business throughout the State of Florida.

7. Through his practice, the undersigned has routinely observed the AAA dismissing proceedings initiated by consumers as a direct result of the respective respondents' failure to comply with one or more arbitration rules of the AAA.

8. The dismissals typically fall into one of three (or sometimes more) of the following categories: (1) refusal to pay filing fee; (2) refusal to pay consumer clause registration fee; or (3) non-compliance in previously filed consumer matters.

9. As to a respondent's failure to pay filing fees- Pursuant to the consumer rules of the AAA, the tribunal charges consumers a maximum of $200 to initiate

arbitration.[1] Upon the filing of the initiating demand, in most cases, the AAA assesses a $300 case filing fee, a $1,400 case management fee, and a $1,500 arbitrator compensation fee. [2] In the event a respondent fails to pay such fees, the AAA will afford the respondent an opportunity to cure the payment deficiency before ultimately dismissing the case. Representative copies of AAA correspondences wherein arbitration proceedings were terminated due to want of payment are attached as Composite Exhibit "A."

10. As to refusal of business to comply with consumer clause registry- Pursuant to the AAA Consumer Rules, any entity that utilizes the auspices of the AAA to conduct arbitration proceedings must first submit its arbitration clause for review by the AAA to ensure it complies with the tribunal's requirements. The AAA charges $500 for said review. [3] Often times, businesses will fail to pay both the initial filing fees along with the consumer arbitration clause review fee. *See* Exhibit A.

11. As it relates to non-compliance in previously filed consumer matters- Oftentimes whenever a business fails to pay the aforementioned fees, the AAA will decline to administer future arbitration proceedings.

12. As detailed herein, the likelihood of a business failing to comply with the AAA rules is not a farfetched proposition.

---

[1] *See*: https://www.adr.org/sites/default/files/Consumer_Fee_Schedule_2.pdf
[2] *Id.*
[3] *Id.*

13. It is in the interest of justice that this Court retain jurisdiction in the instant matter to allow Mr. Roldan to seek this Honorable Court's intervention to compel the Defendant to comply with the AAA's requirements or failing that, to determine that a waiver occurred with respect to the same.

**I DECALRE** under penalty of perjury, under the laws of the State of Florida, that the forgoing statements are true and accurate to the best of my knowledge.

**DATED** this 31st day of January, 2023.

_____
Joshua E. Feygin

# EXHIBIT A



1101 Laurel Oak Road<br>Voorhees, NJ 08043

November 30, 2022

Joshua Feygin, Esq.
Joshua Feygin, PLLC
1930 Harrison Street
Suite 208F
Hollywood, FL 33020
Via Email to: josh@jfeyginesq.com

Ricardo A. Reyes, Esq.
Tobin & Reyes, PA
225 NE Mizner Boulevard
Mizner Park Tower
Suite 510
Boca Raton, FL 33432
Via Email to: rar@tobinreyes.com

**Case Number: 01-22-0004-0072**

████████████████
-vs-
Deerfield Automotive, LLC

Dear Parties:

As of this date we have not received the required fees from Deerfield Automotive, LLC in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Additionally, and because Deerfield Automotive, LLC failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving Deerfield Automotive, LLC. The AAA's consumer policies can be found on the AAA's website, www.adr.org . We request that Deerfield Automotive, LLC remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.

If Deerfield Automotive, LLC advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org
Fax: (877)304-8457

**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road
Voorhees, NJ 08043

May 25, 2022

Arisa Burgest
11 Teal Lake Drive
Savannah, GA 31419
Via Email to: arisaburgest@yahoo.com

Auto Boutique
10100 Atlantic Boulevard
Jacksonville, FL 32225
Via Mail & Email to: sales@autoboutique.com

**Case Number: 01-22-0001-4660**

███████

-vs-

Auto Boutique

Dear Parties:

As of this date we have not received the required waiver and fees from Auto Boutique in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any payment submitted by a party will be refunded shortly.

Further, because Auto Boutique failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving Auto Boutique. The AAA's consumer policies can be found on the AAA's website, www.adr.org . We request that Auto Boutique remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.

If Auto Boutique advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org
Fax: (877)304-8457



1101 Laurel Oak Road
Voorhees, NJ 08043

May 5, 2022

Joshua Feygin, Esq.
Joshua Feygin, PLLC
1800 East Hallandale Beach Boulevard
Suite 85293
Hallandale Beach, FL 33009
Via Email to: josh@jfeyginesq.com

Keith D. Silverstein, Esq.
Keith D. Silverstein, P.A.
1111 Brickell Avenue
Suite 1550
Miami, FL 33131
Via Email to: keith@silversteinpa.com

**Case Number: 01-22-0000-9064**

▮▮▮▮▮▮
-vs-
U Drive Motors, LLC

Dear Parties:

As of this date we have not received the required fees from U Drive Motors, LLC in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any payment submitted by a party will be refunded shortly.

Further, because U Drive Motors, LLC failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving U Drive Motors, LLC . The AAA's consumer policies can be found on the AAA's website, www.adr.org. We request that the business remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.

If U Drive Motors, LLC advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org
Fax: (877)304-8457



1101 Laurel Oak Road<br>Voorhees, NJ 08043

August 4, 2022

Joshua Feygin, Esq.
Joshua Feygin, PLLC
1800 East Hallandale Beach Boulevard
Suite 85293
Hallandale Beach, FL 33009
Via Email to: josh@jfeyginesq.com

William C. Diaz-Rousselot, Esq.
Kurkin Forehand Brandes, LLP
18851 Northeast 29th Avenue
Suite 303
Aventura, FL 33180-2808
Via Email to: wdiazr@kfb-law.com

**Case Number: 01-22-0002-6580**

▉▉▉▉▉▉▉▉▉
-vs-
Gunther VW of Coconut Creek

Dear Parties:

As of this date we have not received the required fees from Gunther VW of Coconut Creek in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Further, because Gunther VW of Coconut Creek failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving Gunther VW of Coconut Creek. The AAA's consumer policies can be found on the AAA's website, www.adr.org. We request that Gunther VW of Coconut Creek remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.

If Gunther VW of Coconut Creek advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider at its sole discretion, accepting newly filed consumer cases going forward.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system.  Such electronic documents may not constitute a complete case file.  Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.
If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,
Consumer Filing Team

Email: ConsumerFiling@adr.org
Fax: (877)304-8457



1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

July 31, 2018

Darren R. Newhart, Esq.
Consumer Law Organization, PA
721 US Highway 1
Suite 201
North Palm Beach, FL 33408
Via Email to: darren@cloorg.com

Arrigo Dodge Chrysler Jeep RAM West Palm Beach
6500 Okeechobee Boulevard
West Palm Beach, FL 33411
**Via Mail**

**Case Number: 01-18-0001-9053**

▮▮▮▮▮▮▮▮
-Vs-
Arrigo Enterprises, Inc.

Dear Parties:

As of this date we have not received the required fees from the business Arrigo Enterprises, Inc. in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any payment submitted by a party will be refunded shortly.

**Further, because the business' failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving Arrigo Enterprises, Inc. The AAA's consumer policies can be found on the AAA's website, www.adr.org. We request that the business remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.**

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerSpecialist@adr.org

Sincerely,

Consumer Filing Team
Email: ConsumerSpecialist@adr.org
Fax: (877)304-8457